Pennington, J.
— This case arises on a decision of the Orphan’s Court ,of the county of Middlesex. The plaintiffs *422 below, who are the defendants in this Court, cited the plaintiffs in error, to settle the administration accounts of the estate of Martin Schenck, deceased, on the ground that they, that is, the plaintiffs in this Court, were the executors of Albert Schenck, the surviving administrator of Martin Schenck, deceased; the Orphan’s Court ordered them to account, on which they bring this certiorari. The authority of the defendants to intermeddle at all, does not appear by the state of the case; but their counsel hold them up as creditors of Martin Schenck, deceased, and as such, in forming üiy opinion, I shall consider them. There cannot, I conceive, be any doubt of the authority of the Orphan’s Court, to call on executors and administrators to settle their accounts at the instance of any person interested in the estate of their testator or intestate. The question is, of what matter shall the executor or administrator be made to account? The plain answer is, of the goods of the testator or intestate, that came to his hands; he certainly cannot be liable beyond them, especially in the case under consideration, where the executors of Albert [#] Schenck, are not the representatives of Martin Schenck, to whom Albert was administrator. If qny goods belonging to the estate of Martin Schenck, should have came to the hands of the plaintiffs in error, and remain in such state as will enable them to be ascertained and particularly distinguished, the administrator, de bonis non of Martin Schenck, may maintain an action for them, unless the plaintiffs can make out that their testator paid debts to the amount in value of such goods, over and above other assets. Or if Albert Schenck, as administrator of Martin Schenck, has wasted or converted to his own use, any of the goods of Martin Schenck, an action at law, under the statute, Fat, i 54, S. 3, will lay against the plaintiffs as the representatives of Albert Schenck, suggesting a devastavit of their testator; it is probably with a view to this latter action, that they are cited to account in the Orphan’s Court. It appears to me, that neither law or reason will justify this ¡attempt. Martin Schenck died twenty-four or twenty-five years ago. All this time, the defendants in this Court, who now set themselves up as creditors of Martin Schenck, have Jain by, and at this distance of time, call, not on the administrators, but on the executors of the surviving administrator, to render an account as in a course of administration, of the goods of the original intestate. If there was an inventory filed of the personal estate of Martin Schenck, it appears to me, thut the defendants have all the evidence that they can want against the plaintiffs, unless they wish to make them personally liable, as it would furnish at least, *423 prima facie evidence against the estate of Albert Schenck, in an action against his representatives. If no inventory has been filed, it would be highly unjust, and grossly absord, to require the plaintiffs to make out, under oath, an inventory of goods that cannot be presumed ever to have cometo their hands; but be the justice or injustice of the case as it may, I apprehend, that the law will not support the proceeding below. I [*] consider the Orphan’s Court deriving no power from the act of Assembly in this respect, beyond what the Ordinary possessed before the passing of the act, and which was founded on the practice of the English Ecclesiastical Courts. I cannot find an authority, or even dictum in the books, to justify the decision of the Orphan’s Court,hut the contrary. It is said in Godolphin, 197", that an executor shall not be charged with, or in respect to any other goods than those that came to his hands, after his taking upon himself the charge of the executorship, or by virtue thereof. In the same book, 226, is cited a case, Sparrow v.Norfolk, precisely in point. B. administrator of A. makes C. his executor, and dies; C. is sued in the Spiritual Court, to make account of the goods of A. the first intestate; and C. now moves for a prohibition, and had it; Sir William Blaekstone, in the second vol, of his Com. 506, says that the executor of A’s administrator, is not the representative of A. I admit that by our statute, Pat. 154, S. 3, which is taken from the statute 4 and 5, William and Mary, Ch. 24, if Albert Schenck has wasted, or converted to his own use, the goods of Martin Schenck, his intestate, which came to his hands as administrator, that his executors may be answerable in a suit at law, for this devastavit, as far as they have assets; and that the chancellor would sustain a suit on the same ground. But I am clearly of opinion, they cannot be compelled to account in the Orphan’s Court, as the' representatives of Martin Schenck. I have however, entertained some doubt whether the decision of the Orphan’s Court, decreeing the account, is such a final decree or sentence of that court, as will give this Court jurisdiction under our act of Assembly, by certiorari; and whether prohibition is not the proper remedy. But, as this point has not been raised by the case submitted, and the court being required by an agreement of the parties annexed to the case, to decide on the merits, and thereby settle the principle, I have thought it unnecessary [*] to investigate the point from which this doubt has arisen: and am therefore of opinion, that the decree of the Orphan’s Court be reversed, set aside, and held for nothing.
*424 Kikpatrick, C. J. and Rosserx, J. — Fully concurred in the foregoing opiriion.
The decree of the Orphan’s Court set aside unanimously.